**Fred TARSHIS, Plaintiff–Appellant,**

v.

**The RIESE ORGANIZATION,
Defendant–Appellee.**

**Docket No. 02–7570.**

United States Court of Appeals,
Second Circuit.

March 27, 2003.

Fred Tarshis, New York, New York, pro se.

James P. Rosenzweig (Jason M. Lazar, on the brief), The Riese Organization, New York, New York, for Appellee.

PRESENT: JACOBS, POOLER, Circuit Judges, and HALL,* District Judge.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 27th day of March, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Fred Tarshis appeals *pro se* from the grant of summary judgment in favor of his former employer, The Riese Organization ("Riese"), on his claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and N.Y. Exec. Law § 296, that Riese wrongfully terminated his employment based on his age, race, and national origin.[1]

Tarshis was employed by Riese in various positions at a number of restaurants for about 20 years. In October 1993, Tarshis was a relief manager at two Riese-owned restaurants (Brew Burger and Lindy's) in New York City, when he went on a four-week vacation. While Tarshis was away, the Brew Burger at which he worked was closed down, and Roberto Rosado, Tarshis' supervisor at both restaurants, assigned another Lindy's relief manager, Mike Perez, to cover Tarshis' part-time relief manager position at Lindy's. On his return, Tarshis went to Lindy's, but was told that there was no job for him.

After a few weeks passed, Tarshis discussed his termination with Tom Carpenter (Rosado's supervisor) who told Rosado that he did not want Tarshis laid off during the holiday season. Tarshis subsequently worked as a host at a different Lindy's location for a few weeks, but was laid off after the holidays. Tarshis' "Notice of Separation/Termination" form was dated January 8, 1994.

Tarshis is a Caucasian male of German descent, and was 66 years old when he was laid off.

---

* The Honorable Janet C. Hall, of the United States District Court for the District of Connecticut, sitting by designation.

1. Tarshis also brought a purported claim pursuant to Article I, Section 11 of the New York State Constitution. The district court dismissed this claim, with prejudice, pursuant to Tarshis's withdrawal of the claim.

The district court applied the three-part burden shifting framework applicable to Title VII and ADEA claims, as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Riese conceded (and the district court assumed) that Tarshis established a *prima facie* case of discrimination. The burden therefore shifted to Riese to offer a legitimate, non-discriminatory reason for Tarshis' termination. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir.2000). It is undisputed that Tarshis was no longer needed at Brew Burger when that restaurant closed down. At that point, Riese chose not to continue Tarshis' employment on a part-time basis at Lindy's. According to Riese, Tarshis was terminated "because there was no full time relief manager's position available at Lindy's for [Tarshis] when he returned from vacation in November, 1993."

The burden therefore shifted back to Tarshis to present sufficient evidence from which a jury could reasonably conclude that Riese unlawfully discriminated against him. *See Schnabel v. Abramson*, 232 F.3d 83, 88 (2d Cir.2000). The district court surveyed the record for evidence of discrimination based on age, race, or national origin, and concluded that there was insufficient evidence to permit a finding of discrimination under either Title VII or the ADEA. We agree that Tarshis did not meet his burden, and that Riese was therefore entitled to summary judgment, for substantially the reasons stated by the district court.

The district court also granted summary judgment to Riese on Tarshis' claim brought under N.Y. Exec. Law § 296, because the federal and state claims share the same standard of proof. We agree that Riese is entitled to summary judgment on that basis.

Finally, we see no reason to disturb the district court's dismissal, with prejudice, of Tarshis' claim brought under the New York State Constitution, as Tarshis withdrew that claim himself.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

